IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JIMMY JOE HURT & VICKI SUE HURT, | ) | CASE NO. BK08-81884-TJM |
| | ) | |
| Debtor(s). | ) | CH. 7 |

## ORDER

Hearing was held in Omaha, Nebraska, on December 15, 2008, on the Chapter 7 trustee's claim of assets (Fil. #14); the debtors' objection (Fil. #17); and the trustee's amended claim of assets (Fil. #22). Barbara Lohr Van Sant appeared for the debtors and Richard D. Myers appeared as Chapter 7 trustee.

The trustee claimed for administration certain proceeds of the sale of the debtors' house. The sale closed the day prior to the filing of the bankruptcy case in July 2008, and the net proceeds of $28,801.92 were disbursed via a check for $14,400.96 to each debtor because they were in the process of dissolving their marriage. On their bankruptcy schedules, the debtors claimed the total amount of $28,801.92 as exempt under Neb. Rev. Stat. § 40-116.[1]

The trustee contends that the debtors cannot claim two homestead exemptions, or in the alternative, that the exemption was lost when the proceeds were divided between the debtors. The debtors assert that they are not attempting to claim two exemptions, but only one exemption in the total amount.

The debtors were married at the time of the closing of the sale of the residence. Mr. Hurt continued to live in the home in La Vista, Nebraska, until it was sold. Mrs. Hurt and one of the couple's children had moved some of their belongings into a rental home in a neighboring school district in April 2008, but left most of their personal property and household goods in the family home until the closing of the sale. There had been no order regarding property division entered in their dissolution action at the time of the closing, so neither the house nor the proceeds were the separate property of either debtor. Therefore, the house was a marital asset in which the debtors were joint tenants.

---

[1] § 40-116 Homestead; protection of surplus after execution sale.
If the homestead be conveyed by the claimant, or sold for the satisfaction of any lien mentioned in section 40-103, the proceeds of such sale, beyond the amount necessary to the satisfaction of such lien, and not exceeding the amount of the homestead exemption, shall be entitled, for the period of six months thereafter, to the same protection against legal process and the voluntary disposition of the claimant which the law gives to the homestead. The sale and disposition of one homestead shall not be held to prevent the selection or purchase of another, as provided in sections 40-101 to 40-116.

The long-standing rule in Nebraska is that an undivided interest in real estate and the exclusive occupancy of the premises by the owner of such interest and his or her family as a home is sufficient to support a homestead exemption. J.H. Melville Lumber Co. v. Maroney, 16 N.W.2d 527, 529 (Neb. 1944). That rule furthers the exemption's purpose, which is to ensure shelter for a debtor and the debtor's family:

> In many states a homestead cannot be acquired in lands that are held in co-tenancy, but such is not the rule in this state. One of the principal objects of the homestead law is to protect the debtor and his family in the possession of a home. The homestead law has always been liberally construed in this state with a view to promoting its beneficent purposes. It is no concern of the creditor that the debtor's interest in the land is an undivided interest, or that it may be less than a fee title to all the premises out of which he claims a homestead.

Id. (quoting First Nat'l Bank of Tekamah v. McClanahan, 120 N.W. 185, 187 (Neb. 1909)).

Either spouse may claim a right of homestead, McMahon v. Speilman, 20 N.W. 10 (Neb. 1884), although only one homestead exemption may be claimed. Hartmann v. Wolf (In re Hartmann), 19 B.R. 844, 845 (Bankr. D. Neb. 1982). The only factual distinction between this case and the sale of homestead property by a married couple in the normal course was the disbursement of the proceeds by two checks instead of one. That does not appear to be a legally significant distinction. Had the proceeds been paid out in one check, there would not have been a dispute about the debtors' eligibility for the exemption. The issuance of two checks does not represent a division of the property interest or change the nature of the exemption in this case. Therefore, the debtors' objection is sustained.

IT IS ORDERED: The debtors' objection (Fil. #17) to the Chapter 7 trustee's claim of assets is sustained. The debtors may claim a homestead exemption in the sale proceeds of $28,801.92.

DATED:    February 12, 2009

BY THE COURT:

 /s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Richard D. Myers
    Barbara Lohr Van Sant
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.